Case No. 19-1594

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

JOHN DOE,

*Appellant*,

v.

UNIVERSITY OF ST. THOMAS,

*Appellee*.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
District Court Civil No. 0:16-cv-1127 (JRT/DTS)
District Court Judge Honorable John R. Tunheim

BRIEF OF AMICUS CURIAE JANE DOE IN SUPPORT OF APPELLEE
UNIVERSITY OF ST. THOMAS FOR AFFIRMANCE

**GREENE ESPEL PLLP**
Jenny Gassman-Pines, Reg. No. 0386511
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
jgassman-pines@greeneespel.com
(612) 373-0830

Attorneys for Amicus Curiae Jane Doe

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ........................................................................... ii

INTEREST OF THE AMICUS ....................................................................... 1

BACKGROUND ............................................................................................ 3

  A. The magistrate judge quashed Appellant's deposition subpoena, concluding that the burden of such a deposition to Jane Doe outweighed Appellant's need, and Appellant did not seek District Court review. ................................................................................. 3

  B. The magistrate judge denied Appellant's subsequent motion to compel Jane Doe's deposition, and Appellant did not seek District Court review. ................................................................................. 6

ARGUMENT .................................................................................................. 8

 I. APPELLANT WAIVED HIS RIGHT TO APPEAL THE DENIAL OF HIS MOTION TO COMPEL JANE DOE'S DEPOSITION, SO THIS COURT SHOULD NOT REVIEW IT. ................................................. 8

 II. IF THIS COURT DECIDES TO REVIEW THE MAGISTRATE JUDGE'S DENIAL OF APPELLANT'S MOTION TO COMPEL, IT SHOULD CONCLUDE THAT THE MAGISTRATE JUDGE DID NOT ABUSE HIS DISCRETION. ........................................................ 10

CONCLUSION ............................................................................................. 13

CERTIFICATE OF COMPLIANCE ............................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Chapa v. U.S.*,
  497 F.3d 883 (8th Cir. 2007) ................................................................. 10

*Daley v. Marriott Int'l, Inc.*,
  415 F.3d 889 (8th Cir. 2005) ................................................................... 9

*McDonald v. City of Saint Paul*,
  679 F.3d 698 (8th Cir. 2012) ................................................................... 9

*Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*,
  197 F.3d 922 (8th Cir. 1999) ................................................................ 10

*Yu v. Vassar Coll.*,
  97 F. Supp. 3d 448 (S.D.N.Y. 2015) ................................................ 12, 13

*Yu v. Vassar Coll.*,
  Case No. 13-cv-4373-RA-MHD, Order (Dist. Ct. Dkt. 44)
  (S.D.N.Y Apr. 9, 2014) ........................................................................ 12

**Rules**

Federal Rule of Civil Appellate Procedure 29(a) ................................................ 1

Federal Rule of Civil Procedure 45(d)(3)(A)(iv) .............................................. 10

Federal Rule of Civil Procedure 72(a) ......................................................... 8, 9

Local Rule 72.2 .............................................................................................. 8, 9

# INTEREST OF THE AMICUS[1]

Amicus Curiae Jane Doe ("Jane Doe") reported to Appellee University of St. Thomas ("UST") that Appellant John Doe sexually assaulted her. Jane Doe has a direct interest in one of the issues that Appellant raised in his appeal: whether the District Court abused its discretion in denying Appellant's motion to compel Jane Doe's deposition.

Appellant first sought to depose Jane Doe by a subpoena in July 2017. Jane Doe moved to quash Appellant's deposition subpoena, and the magistrate judge granted her motion. Appellant did not seek review before the District Court of the magistrate judge's ruling. Appellant sought to depose Jane Doe again in May 2018. Jane Doe opposed the motion, and the

---

[1] Pursuant to Federal Rule of Civil Appellate Procedure 29(a)(4)(E), counsel for amicus Jane Doe represents that she authored this brief in its entirety and that none of the parties or their counsel, nor any person or entity other than amicus Jane Doe or her counsel, made a monetary contribution intended to fund the preparation or submission of this brief. Pursuant to Federal Rule of Civil Appellate Procedure 29(a)(2), Jane Doe's counsel provided timely notice to counsel for Appellant and Appellee of Jane Doe's intent to file this brief regarding the motion to compel her deposition, and both consented in writing to its filing. Jane Doe does not take a position with respect to the remaining issues that Appellant raised in his appeal.

Appellate Case: 19-1594    Page: 4    Date Filed: 07/01/2019 Entry ID: 4803776

magistrate judge denied it. Again, Appellant did not seek review before the District Court of the magistrate judge's ruling.

Appellant now appeals the magistrate judge's denial of his motion to compel Jane Doe's deposition. The burden such a deposition would pose on Jane Doe was a key factor—indeed, a required consideration under the applicable standard—that the magistrate judge evaluated under both motions related to her deposition. As the magistrate judge stated in his order denying Appellant's motion to compel, "it is Jane Doe's rights, not UST's[,] that lie at the heart of this deposition issue." This Court's decision on that portion of Appellant's appeal will, therefore, materially and directly impact Jane Doe. She writes in support of UST for affirmance of the magistrate's denial of Appellant's motion to compel her deposition because (1) Appellant waived the appeal of that motion by failing to seek the District Court's review, and (2) the magistrate judge did not abuse his discretion in denying the motion.

2

# BACKGROUND

**A. The magistrate judge quashed Appellant's deposition subpoena, concluding that the burden of such a deposition to Jane Doe outweighed Appellant's need, and Appellant did not seek District Court review.[2]**

On July 6, 2017, Appellant subpoenaed Jane Doe, seeking to take her deposition. On July 11, 2017, Jane Doe filed a motion to quash the subpoena, arguing that her burden outweighed Appellant's need for her deposition. (*See* Jane Doe July 11, 2017 Motion (Dist. Ct. Dkt. 71) and Memorandum (Dist. Ct. Dkt. 74).[3]) She submitted a declaration in support of that motion detailing the burden that such a deposition would impose. (*See* Jane Doe July 11, 2017 declaration (Dist. Ct. Dkt. 76).)

On August 21, 2017, the magistrate judge heard oral argument from counsel for Appellant and Jane Doe, and granted Jane Doe's motion to

---

[2] Appellant's subpoena for Jane Doe's deposition, Jane Doe's motion to quash, and the magistrate judge's ruling on that motion are essential to this Court's understanding of the magistrate judge's ruling on Appellant's motion to compel. This is because, in his order denying Appellant's motion to compel, the magistrate judge referred to his ruling on the motion to quash and his evaluation of Appellant's need for Jane Doe's deposition versus the burden such a deposition would pose on her.

[3] Amicus Curiae Jane Doe cites the District Court record because, as a non-party, she does not have access to nor could she include documents within, the non-public appendices.

3

quash. (*See* Aug. 21, 2017 Hearing Tr.; Amicus Curiae Add. at 1 (Aug. 21, 2017 Order).) The magistrate judge issued a detailed ruling from the bench, on the record. (*See* Aug. 21, 2017 Hearing Tr. at 21-26.)

First, he evaluated Appellant's potential need for Jane Doe's testimony in light of the elements of Appellant's negligence claim against UST—duty, breach, and causation. (*Id.* at 21-24.) On duty, the magistrate judge concluded that Jane Doe's testimony was irrelevant: "So as to the question of whether there was a duty, I don't believe the testimony of Jane Doe, the complainant, can add any relevant evidence to that question." (*Id.* at 22.) On breach, he concluded that "there is some minimal relevance in the testimony of Jane Doe," in that she could either confirm or deny what UST did or did not do in its investigation, or potentially testify about information provided to UST that UST did not consider in its investigation. (*Id.* at 22-23.) On causation, he concluded that it was conceivable that Jane Doe would have "minimally relevant information," in the sense that she could potentially recant her testimony or provide testimony that could lead to the conclusion that "there was not sexual misconduct." (*Id.*) He concluded that "to the extent that Jane Doe has information about her perceptions of the encounter, it is of minimal relevance at this junction," particularly in light of

law establishing that "retrying the underlying event is not what these lawsuits are about." (*Id.* at 4.) Based on his evaluation of each negligence element, the magistrate judge concluded that Jane Doe's potential testimony had minimal relevance.

The magistrate judge then concluded that "[h]owever you describe the quantum of relevance to her testimony, . . . it is outweighed by the burden of her having to sit through a deposition to relive what was obviously a very painful experience." (*Id.*) Relying on her declaration, the magistrate judge concluded that Jane Doe "described that she is traumatized and that to go through her deposition will further traumatize her or re-traumatize her." (*Id.*) He specifically noted a text exchange in the record that Jane Doe sent as part of the events underlying the lawsuit in which Jane Doe said, "I would be fine if I never have to talk about this again," or words to that effect, which he concluded was "contemporaneous evidence that is consistent with the notion that a deposition would be burdensome to her." (*Id.* at 24-25.)

Although the magistrate judge concluded that Jane Doe's burden outweighed Appellant's need for the deposition and granted Jane Doe's motion, he noted on the record that Appellant could promptly seek review by the District Court of his ruling. (*Id.* at 25.) He specifically explained that

5

Appellant was permitted to seek leave to return to the Court after discovery if Appellant believed that the balance of Jane Doe's burden versus Appellant's need for her deposition had changed. (*Id*.) The magistrate judge then issued a written order granting Jane Doe's motion to quash for reasons stated on the record. (Amicus Curiae Add. at 1 (Aug. 21, 2017 Order).) Appellant did not seek review by the District Court of the magistrate judge's order.

> **B. The magistrate judge denied Appellant's subsequent motion to compel Jane Doe's deposition, and Appellant did not seek District Court review.**

On May 30, 2018, Appellant moved to compel Jane Doe's deposition. (*See* May 30, 2018 Motion (Dist. Ct. Dkt. 141).) With leave of the court, Jane Doe opposed the motion, again arguing that the burden on her outweighed Appellant's limited need for the deposition. (*See* Jane Doe Mem. (Dist. Ct. Dkt. 234) at 4-10.) She submitted a second declaration, again detailing the burden that a deposition would impose on her, including causing her significant stress and anxiety, and the potential need to seek medical assistance or restart medication for depression and anxiety. (*See* Jane Doe June 5, 2018 Dec. (Dist. Ct. Dkt. 235) at ¶¶ 1-7.)

6

On August 6, 2018, the magistrate judge denied Appellant's motion to compel in a written order. (Appellant's Add. at 24-31.) After evaluating Appellant's arguments for why he needed Jane Doe's deposition, the magistrate judge concluded that Appellant had not demonstrated a basis for the Court to reverse its earlier decision prohibiting Jane Doe's deposition. (*Id.* at 31.) Referring to his prior ruling on the motion to quash, the magistrate judge summarized his conclusion as follows:

> Jane Doe's deposition was previously quashed because the burden it would impose on her exceeded the relevance – if any – to the claims then in this case. That is still true.

(*Id*. at 30.) He further concluded that Jane Doe's testimony was not necessary to assess Appellant's negligence claim and that nothing had changed in discovery to alter his detailed analysis on the motion to quash:

> Plaintiff argues that Jane's testimony is necessary to fully assess whether UST's investigation was conducted in a negligent manner. He suggests Jane may testify that she did not make statements attributed to her by investigators in their report. But Plaintiff has already deposed the investigators and has had full access to all persons who conducted the investigation he claims was flawed. Nothing has changed in the facts discovered to alter this Court's ruling – which was consistent with existing precedent – quashing Jane's deposition.

(App. Add. at 28 (August 6, 2018 Order) (citing *Gomez v. Univ. of Me. Sys.*, 365 F. Supp. 2d 6, 14 (D. Me. 2005); *Yu v. Vassar Coll.*, 97 F. Supp. 3d 448,

7

461 (S.D.N.Y. 2015)).) Again, Appellant did not seek review of the magistrate judge's ruling by the District Court.

## ARGUMENT

**I.  Appellant waived his right to appeal the denial of his motion to compel Jane Doe's deposition, so this Court should not review it.**

Appellant waived his right to appeal the magistrate judge's denial of his motion to compel Jane's deposition and the district court's prior order granting Jane Doe's motion to quash his subpoena. The waiver occurred because he failed to object to either order within fourteen days. Under Federal Rule of Civil Procedure 72(a), appellant may not assign as error any issue to which he did not object after the magistrate judge issued his orders:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. ***A party may not assign as error a defect in the order not timely objected to.***

Fed. R. Civ. P. 72(a) (emphasis added). Local Rule 72.2 similarly prohibits assigning as error a defect in a magistrate judge's order to which a party does not object. *See* Local Rule 72.2(a)(1) ("A party may not assign as error a defect in the order not timely objected to."). This Court has held that a party's failure to object to a magistrate judge's ruling before the district court

8

constitutes a waiver of that party's appeal rights. *See, e.g.*, *McDonald v. City of Saint Paul*, 679 F.3d 698, 709 (8th Cir. 2012) ("We cannot review [appellant's] challenge to the magistrate judge's order denying this non-dispositive pre-trial motion because [appellant] failed to file any objections to such order before the district court."); *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (declining to review a magistrate judge's ruling on a non-dispositive motion where the parties did not consent to a final disposition by a magistrate judge and the appellant had not sought review of the magistrate judge's order by the district court).

Here, in the face of Civil Rule 72(a) and Local Rule 72.2(a)(1), and this Court's binding precedent, Appellant chose not to object to the magistrate judge's orders granting Jane Doe's motion to quash and denying his motion to compel her deposition. And the parties in this case did not consent to final disposition by the magistrate judge. As such, Appellant waived his appeal of the motion to quash and the motion to compel. In light of this waiver, this Court may not address that portion of his appeal and instead should affirm the magistrate judge's rulings on the motion to quash and motion to compel Jane Doe's deposition.

9

## II. If this Court decides to review the magistrate judge's denial of Appellant's motion to compel, it should conclude that the magistrate judge did not abuse his discretion.

Even if this Court considers the substance of this issue, this Court should affirm because the magistrate judge did not abuse his discretion when he denied Appellant the opportunity to depose Jane Doe. Indeed, none of the magistrate judge's factual findings or legal conclusions were clearly erroneous and, as such, Appellant cannot show that the magistrate judge abused his discretion. *See Chapa v. U.S.*, 497 F.3d 883, 887 (8th Cir. 2007).

On both the original motion to quash and the motion to compel, the magistrate judge appropriately evaluated Appellant's need for Jane Doe's deposition compared with the burden on non-party Jane Doe, as required by Federal Rule of Civil Procedure 45(d)(3)(A)(iv). Indeed, Eighth Circuit precedent is clear that even relevant discovery "is not permitted where no need is shown or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999).

Applying that standard, the magistrate judge appropriately weighed Appellant's need versus Jane Doe's burden. In his order on the motion to

10

quash, the magistrate judge detailed each element of Appellant's claim and ultimately concluded that Jane Doe's testimony was "minimally relevant." On the motion to compel, the magistrate judge addressed Appellant's renewed claims that Jane Doe's testimony was relevant to his negligence claim.[4] But the magistrate judge appropriately concluded that Appellant's need for Jane Doe's testimony was still minimal, explaining that Appellant had "already deposed the investigators and has had full access to all persons who conducted the investigation he claims was flawed." (App. Add. (August 6, 2018 Order) at 30.) Appellant's own brief in this appeal details the vast information available to him regarding UST's investigation. Appellant cannot, therefore, demonstrate that the magistrate judge's conclusions were erroneous.

The magistrate judge also appropriately concluded that the burden of a deposition on Jane Doe outweighed Appellant's minimal need for her

---

[4] Appellant has abandoned his other arguments in support of his motion to compel, namely, that Jane Doe might recant and thus support his (proposed) erroneous-outcome claim and that he was questioned about the underlying facts of the sexual encounter that gave rise to his discipline so he should be afforded the same opportunity with non-party Jane Doe in order to "figure out what happened in the bathroom." (July 17, 2018 Hearing Tr. at 10.)

11

deposition. Jane Doe presented uncontested evidence, through her declarations, that she would be burdened by being deposed. The magistrate judge evaluated those declarations appropriately, and also considered contemporaneous evidence in the record that was consistent with her sentiments in her first declaration. Though Appellant would have preferred that the magistrate judge balance his need versus Jane Doe's burden differently, he cannot identify any clearly erroneous errors in the magistrate judge's balancing. As such, he cannot show that the magistrate judge abused his discretion.

A similar case, *Yu v. Vassar College*, further confirms that the magistrate judge appropriately exercised his discretion. 97 F. Supp. 3d 448, 454-55 (S.D.N.Y. 2015). In *Yu*, the plaintiff sued Vassar College for negligence, among other claims, after the college expelled him for alleged nonconsensual sexual intercourse with a female student. *Id.* at 454-55. Just as the magistrate did in this case, the District Court in *Yu* declined to allow the plaintiff to depose the non-party complainant, ruling that the burden on the complainant of being deposed outweighed the potential benefit of her testimony. *See Yu v. Vassar Coll.*, Case No. 13-cv-4373-RA-MHD, Order (Dist. Ct. Dkt. 44) at 1 (S.D.N.Y Apr. 9, 2014). Later, the court issued a summary

12

judgment decision, including a decision on the negligence claims, based on the investigation and the complainant's statements that were a part of it. *See Yu v. Vassar Coll.*, 97 F. Supp. 3d at 454 ("Complainant's version of events, *as reported in her statements to Vassar's investigators, summarized in Horowitz's report, and submitted to the Vassar hearing panel, is very different*." (emphasis added)).

Just as in *Yu*, the magistrate judge appropriately concluded that the burden on Jane Doe outweighed Appellant's need for her testimony. And just as in *Yu*, Appellant engaged in discovery about UST's investigation for his negligence claim without her deposition. The magistrate judge did not abuse his discretion in denying Appellant's motion to compel Jane Doe's deposition.

## CONCLUSION

Appellant waived his rights by failing to appeal the magistrate judge's decisions. And, even beyond this dispositive waiver, Appellant cannot demonstrate that the magistrate judge abused his discretion in denying Appellant's motion to compel. For both these reasons, Amicus Curiae Jane Doe urges this Court to affirm the magistrate judge's denial of Appellant's motion to compel Jane Doe's deposition.

Respectfully submitted,

Dated: June 28, 2019  **GREENE ESPEL PLLP**

s/ Jenny Gassman-Pines
Jenny Gassman-Pines, Reg. No. 0386511
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
jgassman-pines@greeneespel.com
(612) 373-0830

Attorneys for Amicus Curiae Jane Doe

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 29(a)(4)(G) and Fed. R. App. P. 32(g)(l), the undersigned certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 29(a)(5) and Fed. R. App. P. 32(a)(7). The brief was prepared using Microsoft Word in Office 365, which reports that the brief contains 2,850 words, excluding items listed in Fed. R. App. P. 32(f).

s/ Jenny Gassman-Pines<br>
Jenny Gassman-Pines

# CERTIFICATE OF SERVICE

I certify that on June 28, 2019, a copy of the foregoing Brief of Amicus Curiae Jane Doe in Support of Appellee University of St. Thomas for Affirmance was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered parties.

s/ Jenny Gassman-Pines  
Jenny Gassman-Pines
