

250 MARQUETTE AVENUE SOUTH, SUITE 800
MINNEAPOLIS, MN 55401

Ellen Brinkman
612-305-7562
ebrinkman@nilanjohnson.com

March 19, 2020

**VIA EMAIL**

Office of the Clerk
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

   **RE:**   **John Doe v. University of St. Thomas**
           **Court File No. 19-1594**

To Whom It May Concern:

Appellee the University of St. Thomas ("St. Thomas") submits the following response to the March 6, 2020 Rule 28(J) letter filed by Appellant John Doe ("Appellant").

First, Rule 28(j) requires that the party "promptly" advise the clerk's office of any pertinent or significant authorities. As to *Doe v. Johnson & Wales Univ.*, No. 18-CV-106, 2019 WL 6324905 (R.I. Nov. 26, 2019) and the *Title IX Investigations* article, Appellant's letter is not prompt. Accordingly, these materials should not be given any weight.

Second, the *Title IX Investigations* article is neither pertinent, nor significant to this appeal. The authors expressly state that a "critique of the claims offered by FETI" is "outside the scope of their review." *Title IX Investigations*, at 392. They are correct – the article provides no peer reviewed, empirical research to support the author's subjective views of regarding the "neurobiology of trauma" and FETI. *Id*.

Moreover, the authors did not review the training materials at issue in this case, and therefore their subjective views on FETI are not material or probative. Appellant's submission appears to be an end-run around his failure to retain an expert to provide appropriate opinion testimony under Fed. R. Evid. 702 and 703.

Finally, the two cases cited by Appellant are also not pertinent or significant. *Doe v. Johnson & Wales University* is a contract case involving that district court's view of what was "fair" under the university's student code of conduct. 2019 WL 6324905 at *3-4. This Court is not being asked to interpret a contract between Appellant and St. Thomas. *Johnson & Wales* is inapposite.

*Doe v. Syracuse University, et al.,* No. 5:19-CV-00190 (BKS/ATB) (N.D.N.Y. Feb. 21, 2020) is also a contract case where the district court evaluated the student's complaint on a Rule 12(b)(6) motion to dismiss. On such a motion, the district court was obligated to accept the student's allegations regarding trauma informed interview practices as true. *Syracuse* says nothing about the legal or scientific status of trauma informed interview practices.

In conclusion, none of these authorities are relevant to this appeal, and the Court need not consider them.

Sincerely,

NILAN JOHNSON LEWIS PA

*/s/Ellen A. Brinkman*

Ellen A. Brinkman

EAB:kej