

250 MARQUETTE AVENUE SOUTH, SUITE 800
MINNEAPOLIS, MN 55401

Ellen Brinkman
612-305-7562
ebrinkman@nilanjohnson.com

July 16, 2020

**VIA EMAIL**

Office of the Clerk
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

    **RE:**    **John Doe v. University of St. Thomas**
            **Court File No. 19-1594**

To Whom It May Concern:

Appellee the University of St. Thomas ("St. Thomas") submits the following response to the July 2, 2020 Rule 28(j) letter filed by Appellant John Doe ("Appellant").

Appellant submitted a Sixth Circuit decision issued on June 29, 2020 in *John Doe v. Oberlin College*, Case No. 19-3342 as a supplemental authority. This case is distinguishable from the case at issue and is irrelevant to this Court's ultimate decision in this matter.

The *Oberlin* case is legally distinguishable because the Sixth Circuit was reviewing a Rule 12 motion to dismiss plaintiff's Title IX claims. Here, Appellant's Title IX claims were previously dismissed by the District Court and Appellant did not appeal the dismissal of his Title IX claims. Instead, the Court is being asked to review a Rule 56 motion, under a different standard in which it is not required to accept Appellant's allegations as true, but has the benefit of the entire record. Furthermore, there is only one remaining claim at issue: negligence.

The case is also factually distinguishable. In *Oberlin,* John Doe was found responsible of sexual misconduct based on a finding that Jane Doe was not "sober" during a sexual encounter. The court of Appeals reversed dismissal, focusing on whether Doe pled sex bias to support his claim. The court was especially focused on an apparent conflation of "intoxication" and "incapacitation" in assessing Oberlin's policies and ultimate decision. Per the terms of Oberlin's Policy, intoxication does not negate consent- only "incapacitation." Thus, the court found sufficient facts were pled to support a sex discrimination claim under Title IX under an erroneous-outcome theory. The question of intoxication vs. incapacitation is not an issue in this case.

The issues addressed in *Oberlin* are irrelevant to this appeal, and the Court need not consider this authority.

Sincerely,

NILAN JOHNSON LEWIS PA

*/s/Ellen A. Brinkman*

Ellen A. Brinkman